UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MELVIN D. POWELL, individually and as attorney in fact for SHANNON SNODGRASS, CONSTANCE S. GOLDEN, CHRIS CORBITT, LARRY CORBITT, JOHN DENNIS, and DEBBIE DENNIS,**

    Plaintiffs,

v.                            Civil Action no. 2:18-cv-01180

**CSX TRANSPORTATION, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiffs' motion to remand this case to the Circuit Court of Wood County, filed August 9, 2018. The defendant responded August 22, 2018, to which the plaintiffs did not reply.

### I. Background

This case concerns the removal of a railroad crossing on Princess Lane in Wood County, West Virginia. Plaintiffs are residents of West Virginia who use and/or own land adjacent to the crossing in question. Compl. ¶¶ 7-8. Defendant, the operator of the relevant railroad line, is a Virginia corporation with its principal place of business in Florida. Id. at ¶ 5. Plaintiffs claim that removing the crossing

1

constituted a breach of contract.  Id. at ¶ 4.  They seek injunctive relief in the form of "immediate, temporary, and permanent installation and maintenance of the Princess Lane railroad crossing by the Defendant at its expense," as well as an award of "actual damages, punitive damages, and their costs and attorney fees."  Id. at p. 4.  Paragraph 18 of the complaint states:

> The Plaintiffs stipulate that all of their alleged damages and all other relief including but not limited to equitable relief, punitive damages, actual damages and attorney fees and costs set forth in the complaint are no grater then [sic] $74,999.99.  To the extent any remedy awarded by the Court and/or jury, inclusive of attorney fees, declaratory relief, and equitable relief would be in excess of $74,999.99, plaintiffs stipulate that they will not be entitled to recover said award.

Id.  The complaint is signed by R. Vance Golden, III, counsel for the plaintiffs, as well as by Melvin D. Powell "for himself and as attorney in fact for the Plaintiffs."  Id. at 4-5.  Defendant removed the action to federal court on July 24, 2018, pursuant to diversity jurisdiction.

## II.  Discussion

District courts have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).

Defendants may remove any case over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction and demonstrating the jurisdictional amount by a preponderance of the evidence. See Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D.W. Va. 1996) ("A defendant that removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.")

Plaintiffs challenge removal on the ground that the defendant incorrectly determined the amount in controversy. While the plaintiffs did not name a sum certain in their complaint, the defendant provided evidence, by way of affidavit attached to their notice of removal, that the cost of installation of the crossing would constitute sixty-two thousand twenty-five dollars ($62,025.00) for labor and materials, plus maintenance costs of around four thousand five hundred dollars ($4,500.00) per year. Not. of Remov. Ex. 1 at 2. Plaintiffs claim that the defendant erred by including maintenance costs in its calculation.

In the Fourth Circuit, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir.1964)); see also JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010) ("We ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant."). A defendant's calculation will be accepted if it shows "by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553–54 (2014) (internal quotations omitted). Future damages may be included in this calculation when "a right to future payments . . . will be adjudged in the present suit." Broglie v. MacKay-Smith, 541 F.2d 453, 455 (4th Cir. 1976) (quoting 1 Moore's Federal Practice P 0.93(5. 3) at 904).

Here, the court finds that defendant has proved, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Attached to their response memorandum, the defendant presents a form detailing their process in determining

4

the cost of reinstalling the railroad crossing.  Response in Opposition, ECF # 7, Ex. 2.  Further, because the complaint demands "maintenance of the Princess Lane railroad crossing by the Defendant at its expense[,]" (Compl. at 4), maintenance costs would be required in the event a judgment is rendered in plaintiffs' favor and must be included in the amount-in-controversy calculation.  See Broglie, 541 F. 2d 452, and see Parsley v. Norfolk & W. Ry. Co., No. CV 3:17-4322, 2018 WL 813158, at *1 (S.D.W. Va. Feb. 9, 2018) (including future maintenance costs in amount-in-controversy calculation because "Plaintiff's request for relief is that Defendant construct the crossing and maintain it into perpetuity.").  The amount in controversy therefore meets the jurisdictional requirement, as the cost of installing the crossing and maintaining it will quickly exceed $75,000.

The attempted stipulation by plaintiffs does not hinder this conclusion.  A stipulation as to the amount in controversy may prevent removal only when it is "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D.W. Va. 2001).  "Even properly executed stipulations may fail to prevent federal jurisdiction if the complaint fails to state a sum certain prayer for

relief." Parsley v. Norfolk & W. Ry. Co., No. CV 3:17-4322, 2018 WL 813158, at *2 (S.D.W. Va. Feb. 9, 2018) (citing Kittredge v. Navy Fed. Credit Union, No. 3:15-CV-81, 2016 WL 47877, at *3 (N.D.W. Va. Jan. 4, 2016) ("The stipulation would be entirely valid, binding and effective to preclude removal, but for the absence of a sum-certain prayer for relief in the Plaintiffs' state court complaint.")).

The stipulation here was signed by one plaintiff and plaintiffs' counsel only insofar as the stipulation was included in the complaint, rather than contemporaneously attached thereto. The stipulation does not contain a sum certain prayer for relief, but rather contends only that damages are "no grater then [sic] $74,999.99[,]" and that plaintiffs "will not be entitled to recover [an award in excess of $74,999.99.]" Compl. ¶ 18. Even if this stipulation were deemed effective, the plaintiffs cannot overcome the fact that the cost of the injunction, itself, will exceed $75,000.00. Indeed, the stipulation does not appear to account for the cost of such injunction, but merely relates to the amount of damages plaintiffs will recover. The court thus finds, inasmuch as the stipulation does not address the cost of the injunction and is likely otherwise ineffective, that remand is not warranted here.

6

### III. Conclusion

Accordingly, it is ORDERED that the motion to remand be, and it hereby is, denied.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

DATED: March 28, 2019

John T. Copenhaver, Jr.
Senior United States District Judge