```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**MELVIN D. POWELL, individually and
as attorney in fact for SHANNON
SNODGRASS, CONSTANCE S. GOLDEN,
CHRIS CORBITT, LARRY CORBITT, JOHN
DENNIS, and DEBBIE DENNIS,**

      Plaintiffs,

v.                              Civil Action No. 2:18-cv-01180

**CSX TRANSPORTATION, INC.,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiffs' motion for joinder, filed November 15, 2019, and plaintiffs' motion to include additional voluntary plaintiffs, filed January 6, 2020.

On October 22, 2019, the court ordered plaintiffs to file a Federal Rules of Civil Procedure Rule 19 amendment of the complaint to add all non-party landowners with an interest in using the railroad crossing at issue in this case. In the plaintiffs' motion for joinder of November 15, 2019, the plaintiffs propose to add all these interested landowners, 36 in number, as involuntary plaintiffs. Pls.' Mot. for Joinder 1, ECF No. 55 ("Pls.' Mot. for Joinder"). In the defendant's response to plaintiffs' motion for joinder, filed December 6, 2019, the defendant argues that the necessary parties should be "joined as

either plaintiffs, to the extent they do not object to the joinder, or defendants if they do object." Def.'s Resp. to Pls.' Mot. for Joinder 1, ECF No. 58.

In plaintiffs' subsequent motion of January 6, 2020, to include additional voluntary plaintiffs, the plaintiffs list 12 of the same 36 as individuals who seek to become voluntary plaintiffs. Pls.' Mot. to Include Additional Vol. Pls. 1, ECF No. 60. Those 12 individuals are Tyler W. Snodgrass; Daniel and Regina Wiley; Mark A. and Marybeth Peters; Brian and Bethany Porter; Donald and Gina Miller; John W., Jr. and Rebecca Alkire; and Dinah K. Vass. Id.

As to the remaining 24 with an interest in this case, the plaintiffs state that "there may be others who will in the future request to be made voluntary Plaintiffs as more of them are considering the matter." Id. Those 24 are Union Williams Public Service District; Bridgett O. Marquis; David W. and Janet L. Corbitt; Andrew J. Statler; Nicki Young; Nancy J. and Charles R. Williams, as trustees of Williams Family Trust; Jacob and Brandy Miracle; Jonathan Jay Mullenix; Wood County Commission, Attn: Marty Seufer; Pearl O. Graham; Charles R. and Nancy Williams; Gary E., Jr. and Kayla D. Oates; Randall L. Saunders; Jerry Perkins; Dewayne Parsons; Steven C. and Gloria J. Hall; and James David and Kimberly Ruth Arnold. ECF No. 55, Ex. A. It is alleged that all

of the 24 can potentially access their property via the Princess Lane crossing.  See Pls.' Mot. for Joinder 1.

Rule 19(a)(2) provides as follows: "If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."  Fed. R. Civ. P. 19(a)(2).  A proper case to join an involuntary plaintiff is one where "(1) the party to be joined has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof."  Sheldon v. West Bend Equip. Corp., 718 F.2d 603, 606 (3d Cir. 1983) (citing Indep. Wireless Tel. Co. v. Radio Corp. of Am., 269 U.S. 459 (1926)).

While the court has ordered the plaintiffs to join the additional 24 as parties, they cannot be joined as involuntary plaintiffs because the plaintiffs do not claim that any of the 24 has an obligation to join nor are they beyond the jurisdiction of the court.

Accordingly, the motion for joinder and the motion to include additional voluntary plaintiffs are granted to the following extent: The 12 who seek to become voluntary plaintiffs

in this case are added as plaintiffs, and the 24 who have not agreed to become voluntary plaintiffs in this case are deemed indispensable parties and are added as defendants. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); see, e.g., Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 692 (4th Cir. 1978) ("[T]he failure to [j]oin an indispensable party may bear so heavily upon jurisdictional or equitable considerations that we should address it [s]ua sponte[.]"); Jett v. Zink, 362 F.2d 723, 726 (5th Cir. 1966) ("[I]ndispensable parties must be joined, sua sponte by the court if need be[.]"). The 24 added as defendants are indispensable parties because they have an interest in the Princess Lane crossing, and if the case is disposed in their absence, it may leave defendant CSX Transportation, Inc. "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). The plaintiffs are directed to serve the 24 additional defendants by May 11, 2020.

It is so ORDERED.

Additionally, the court observes that Constance S. Golden conveyed her property in the summer of 2019. Pls.' Resp. in Opp'n to Def.'s Mot. for Summ. J. ¶ 2, ECF No. 39. Since

**Constance S. Golden no longer has standing to participate in this suit, she is dismissed as a party in this case.**

**The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.**

**ENTER: April 10, 2020**

_____
John T. Copenhaver, Jr.
Senior United States District Judge