```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

MELVIN D. POWELL, individually and
as attorney in fact for SHANNON
SNODGRASS, CHRIS CORBITT, LARRY
CORBITT, JOHN DENNIS, DEBBIE DENNIS;
TYLER W. SNODGRASS; DANIEL and REGINA
WILEY; MARK A. and MARYBETH PETERS;
BRIAN and BETHANY PORTER; DONALD and
GINA MILLER; JOHN W., JR. and
REBECCA ALKIRE; and DINAH K. VASS,

       Plaintiffs,

v.                              Civil Action No. 2:18-cv-01180

CSX TRANSPORTATION, INC.; UNION
WILLIAMS PUBLIC SERVICE DISTRICT;
BRIDGETT O. MARQUIS; DAVID W. and
JANET L. CORBITT; ANDREW J. STATLER;
NICKI YOUNG; NANCY J. AND CHARLES R.
WILLIAMS, as trustees of WILLIAMS
FAMILY TRUST; JACOB and BRANDY MIRACLE;
JONATHAN JAY MULLENIX; WOOD COUNTY
COMMISSION, Attn: Marty Seufer; PEARL
O. GRAHAM; CHARLES R. and NANCY WILLIAMS;
GARY E., JR. and KAYLA D. OATES; RANDALL
L. SAUNDERS; JERRY PERKINS; DEWAYNE
PARSONS; STEVEN C. and GLORIA J. HALL;
and JAMES DAVID and KIMBERLY RUTH
ARNOLD,

       Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion regarding parties, filed April 22, 2020.

The court previously dismissed Constance S. Golden as a party plaintiff in this case because the plaintiffs stated that she "conveyed her property[,] which was part of the Samuel T. Corbitt property," and that they did not object to her being voluntarily dismissed from the case. See Pls.' Resp. in Opp'n to Def.'s Mot. for Summ. J. ¶ 2, ECF No. 39. In the plaintiffs' motion regarding parties, the plaintiffs inform the court that Constance S. Golden sold two properties but retains title to one property that has an interest in the Princess Lane crossing. Pls.' Mot. Regarding Parties 1, ECF No. 65 ("Pls.' Mot."). Since Constance S. Golden does have standing to participate in this suit, she is reinstated as a plaintiff in this case. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The plaintiffs also inform the court in the motion regarding parties that the Jerry Perkins property is now jointly owned by Jerry Perkins and his spouse, Emily Perkins. Pls.' Mot. 1. Since Emily Perkins is also an indispensable party as outlined in the court's April 10, 2020 Memorandum Opinion and Order, Emily Perkins is added as a defendant in this case.

In addition, the plaintiffs note that the defendants "Jacob and Brandy Miracle have indicated in writing that they wish to be Plaintiffs in this case[.]" Pls.' Mot. 1. Accordingly, Jacob Miracle and Brandy Miracle are realigned as plaintiffs.

Having previously directed joinder, it is the court's duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 180 (1905). A court determines the interests of each side by ascertaining the "principal purpose of the suit" and the "primary and controlling matter in dispute." Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (citations omitted). In determining realignment, the Fourth Circuit applies the "principal purpose" test. U.S. Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995). "First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist." Id.

Applying these principles here, the court concludes that the 23 parties that have been added and served[1] as defendants -- Union Williams Public Service District; Bridgett O. Marquis; David W. and Janet L. Corbitt; Andrew J. Statler; Nicki Young; Nancy J. and Charles R. Williams, as trustees of Williams Family Trust; Jonathan Jay Mullenix; Wood County Commission, Attn: Marty Seufer; Pearl O. Graham; Charles R. and Nancy Williams; Gary E., Jr. and Kayla D. Oates; Randall L. Saunders; Jerry and Emily Perkins; Dewayne Parsons; Steven C. and Gloria J. Hall; and James David and Kimberly Ruth Arnold -- should be realigned in accordance with their interests as plaintiffs. The purpose of this action is to determine whether defendant CSXT must reopen the Princess Lane railroad crossing due to a contractual obligation. These 23 parties have the same interest as the plaintiffs in accessing their property via the Princess Lane crossing.

Since all plaintiffs are citizens of West Virginia and the sole remaining defendant, CSXT, is a citizen of Virginia, its state of incorporation, and Florida, its principal place of business, the court retains jurisdiction over the case through diversity jurisdiction.

It is so ORDERED.

---

[1] Pearl O. Graham was added as a defendant, but she was not served. All other defendants have been served.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 26, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge